UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IZA NOOR, | Case No. |
| Plaintiff, | HON. |
| | Magistrate Judge |
| vs. | |
| PETSMART, INC. and KRISTA AURAND, | |
| Defendants. | |

| | |
|---|---|
| CAITLIN E. MALHOIT (P76606) | KEVIN J. PLAGENS (P55992) |
| JONATHAN MARKO (P72450) | KOPKA PINKUS DOLIN PC |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Marko Law, PLLC | 32605 W. Twelve Mile Road, Suite 300 |
| 1300 Broadway, Fifth Floor | Farmington Hills, MI 48334 |
| Detroit, MI 48226 | *Telephone*: (248) 324-2620 |
| *Telephone*: (313) 777-7529 | *Facsimile*: (248) 324-2610 |
| *Facsimile*: (313) 771-5785 | *Email*: KJPlagens@kopkalaw.com |
| *Email*: Cait@markolaw.com | *assistant*: KDRamsay@kopkalaw.com |
| *assistant*: denise@markolaw.com | |

## NOTICE OF REMOVAL

Defendants, PETSMART, INC. and KRISTA AURAND ("Defendants"), by and through their counsel, KEVIN J. PLAGENS and KOPKA PINKUS DOLIN PC, remove this action from the Macomb County Circuit Court to the United

States District Court for the Eastern District of Michigan, Southern Division. In support of this Notice of Removal, Defendant states as follows:

PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL

1. On or about January 31, 2022, Plaintiff IZA NOOR ("Plaintiff") commenced this action by filing a Complaint in the Macomb County Circuit Court and causing a Summons to be issued. *See* **Ex. A,** Summons and Complaint.

2. On February 22, 2022, Plaintiff's Complaint was served upon Defendant PETSMART by way of its resident agent, Corporate Creations Network, Inc.

3. On February 24, 2022, counsel filed an Appearance, on behalf of Defendants. *See* **Ex. B,** Defendants' Pleadings.

4. No other pleadings, orders, or documents were filed in this case.

5. Pursuant to **28 U.S.C. § 1446(b)(3)**, this Notice of Removal is filed within thirty (30) days of receipt of Plaintiff's counsel's written statement that Plaintiff seeks damages in excess of $75,000.00 which first allowed Defendant to ascertain that the case is one which is removable. This information was provided by Plaintiff's counsel via email on February 9, 2022. *See* **Ex. C,** Email. Therefore, this Notice is timely filed pursuant to **28 U.S.C. § 1446(b)**.

6. This Court is in the district and division "embracing the place where [the State Court] action is pending." **28 U.S.C. § 1441(a)**. The Macomb County Circuit Court is located in the Eastern District of Michigan.

## DIVERSITY JURISDICTION

7. This case is a civil action of which this Court has original diversity jurisdiction pursuant to **28 U.S.C. §1332(a)** because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees, and this action is between citizens of different states, as demonstrated more fully below:

   a. **Plaintiff Is A Citizen of Michigan:** A person is a citizen of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Defendant is informed and believes that Plaintiff is domiciled in, and citizen of, the State of Michigan. In her Complaint, Plaintiff alleges that she is a resident of the Township of Chesterfield, County of Macomb, State of Michigan. Ex. A. Plaintiff has not alleged an intent to move or leave this domicile. Ex. A. Therefore, for diversity purposes, Plaintiff is domiciled in and citizen of the State of

Michigan.

b. **Defendant PetSmart is Incorporated in the State of Delaware:** Defendant PetSmart is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in 19601 N 27th Ave Phoenix Arizona 85027. "For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *Freeman v. Unisys Corp.*, 870 F. Supp. 169, 172 (E.D. Mich. 1994) (citing **28 U.S.C. § 1332(c)**). Accordingly, Defendant PetSmart is a citizen of Arizona, and is not now and never has been a citizen of the State of Michigan within the meaning of **28 U.S.C. § 1332(c)**.

c. **Defendant Krista Aurand Is A Citizen of Pennsylvania:** A person is a citizen of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Defendant Aurand is domiciled in, and a citizen of, the State of Pennsylvania. Therefore, for diversity purposes, Defendant is domiciled in and citizen of the State of Pennsylvania.

4

8. Therefore, complete diversity exists because Plaintiff is a citizen of Michigan and Defendant PetSmart is incorporated in the State of Delaware a citizen of the State of Arizona, and Defendant Krista Aurand is a citizen of Pennsylvania.

9. Pursuant to **L.R. 81.1(a)** and **(b)** and **28 U.S.C. § 1332(a)**, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees. Plaintiff's counsel has explicitly stated that Plaintiff is seeking damages that exceed $75,000.00 due to his alleged injuries. Ex. C. Although Defendant denies the allegations in Plaintiff's Complaint and denies any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

10. A Notice of Filing Notice of Removal and a copy of this Notice of Removal to Federal Court will be filed with the Macomb County Circuit Court as required by **28 U.S.C. § 1446(d)** and copies of the same will be served upon Plaintiff.

11. Based upon the foregoing, Defendants are entitled to remove this action to this Court under **28 U.S.C. § 1331**, et. seq.

12. In filing this Notice of Removal, Defendants do not waive any defenses that may be available to it, including but not limited to, those under **Fed. R. Civ. P 12(b)**.

13. This Notice of Removal is filed in compliance with **Fed. R. Civ. P. 11** and Local Rules of the United States District Court for the Eastern District of Michigan.

**WHEREFORE**, Defendants respectfully request that this Court take jurisdiction over this matter and grant such other relief as the Court deems proper.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By: */s/ Kevin J. Plagens*
KEVIN J. PLAGENS (P55992)
*Attorneys for Defendants*
32605 W. Twelve Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 324-2620

Dated: March 11, 2022

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN )
                               ) SS.
COUNTY OF OAKLAND    )

     I, Kimberly Ramsay, am an employee of KOPKA PINKUS DOLIN PC, and I certify that I e-filed the foregoing document on March 11, 2022, using the ***ECF e-filing system*** which will send a copy of this document together with notification to all counsel of record; and that I mailed and emailed a copy of this document to any non-e-filing participants.

                                                            */s/ **Kimberly Ramsay***

                                                             Kimberly Ramsay