| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>22-000471-NO |

**Court address**
40 North Main Street, Mt. Clemens, MI 48043

**Court telephone no.**
(586) 469-5208

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Iza Noor | v | Petsmart, Inc.<br>28175 Haggerty Rd.<br>Novi, MI  48337<br><br>Krista Aurand<br>11468 Millers Street<br>Mount Union, PA 17066-8717 |

Plaintiff's attorney, bar no., address, and telephone no.
Casey A. Landis (P66625)
MARKO LAW, PLLC
1300 Broadway, Fifth Floor
Detroit, MI 48226
(313) 777-7529

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 1/31/2022 | 5/2/2022 | ANTHONY G. FORLINI |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)  **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. 22- -NO |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                        Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                            Attachments

_____ on _____
                                    Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

IZA NOOR,

    Plaintiff,

v

PETSMART, INC. and
KRISTA AURAND,
Jointly and Severally,

    Defendants.

2022 - 000 471 -NO
Hon. *Richard L. Caretti*

---

CAITLIN E. MALHIOT (P76606)
JONATHAN MARKO (P72450)
*Marko Law, PLLC*
Attorneys for Plaintiff
1300 Broadway, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529
F: (313) 771-5785
Cait@markolaw.com
Denise@markolaw.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

NOW COMES Plaintiff, IZA NOOR, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint and Jury Demand against the above-named Defendants, states as follows:

1

## PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, IZA NOOR, was a resident of the Township of Chesterfield, County of Macomb, State of Michigan.

2. At all times relevant hereto, PETSMART, INC. (hereinafter referred to as "PETSMART"), was a Foreign Profit Corporation that engaged in regular and systematic business in the County of Macomb, State of Michigan, and with its Registered Agent listed as Corporate creations Network, Inc. located at 28175 Haggerty Road, Novi, County of Oakland, State of Michigan.

3. At all times relevant hereto, on November 17, 2020, Defendant, KRISTA AURAND, was an employee of Defendant, PETSMART, acting within the course and scope of her employment, at the PETSMART located at 51347 Gratiot Ave, Chesterfield, MI 48051.

4. All acts, transactions and/or occurrences giving rise to the injuries complained of herein, arose within the confines of the County of Macomb State of Michigan.

5. The amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

6. Venue and jurisdiction are properly vested in this court.

## COMMON FACTUAL ALLEGATIONS

7. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

8. At all relevant times, Defendant, KRISTA AURAND, was an employee employed at the Defendant, PETSMART, and was responsible for customer service and cashiering at the PETSMART.

2

9. At all relevant times, on November 17, 2020, at approximately 6:00 p.m., Plaintiff, IZA NOOR, went to Defendant, PETSMART, to shop for a few items.

10. Plaintiff, IZA NOOR, approached Defendant, KRISTA AURAND, to inquire about the pricing of a merchandise item due to the item not being in the correct stocking location.

11. Upon information and belief, at all times relevant hereto, Plaintiff, IZA NOOR, and Defendant, KRISTA AURAND, began arguing with one another.

12. Upon information and belief, at all times relevant hereto, Defendant, KRISTA AURAND, pushed Plaintiff, IZA NOOR, against a wall and intentionally broke her prescription glasses.

13. Upon information and belief, at all times relevant hereto, Defendant, KRISTA AURAND, continued to strike Plaintiff, IZA NOOR, and pulled her hair.

14. Upon information and belief, at all times relevant hereto, Defendant, KRISTA AURAND, was separated and pulled off of Plaintiff, IZA NOOR, by a bystander witness.

15. During the altercation in which Defendant, KRISTA AURAND, physically harmed PLAINTIFF, IZA NOOR, Aurand verbally insulted Noor with racist slurs and racially offensive language and comments, including telling her to "go back to [her] country" and calling her husband a "n****r lover."

16. At all times relevant hereto, Defendant, KRISTA AURAND, was an employee of Defendant, PETSMART, and was acting within the course and scope of her employment, and as a result, Defendant, PETSMART, is vicariously liable for the acts of Defendant, KRISTA AURAND.

3

## COUNT I
## NEGLIGENCE and/or GROSS NEGLIGENCE
## DEFENDANT, KRISTA AURAND

17. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

18. At all times relevant hereto, and pursuant to Michigan Law, Defendant, KRISTA AURAND, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, IZA NOOR, which duty includes but is not limited to, obeying all laws, statutes and city ordinances when dealing with customers during the course of his employment.

19. Defendant, KRISTA AURAND, as an employee employed at the PETSMART, had a duty to act as a reasonably prudent person in the same or similar circumstances.

20. At all times relevant hereto, Defendant, KRISTA AURAND, owed Plaintiff, IZA NOOR, the aforementioned duties in particular, by way of illustration and not limitation, and breached the same by doing the following:

   a. Failing to properly address customers;

   b. Failing to immediately resolve any issues arising with customers;

   c. Hitting Plaintiff, IZA NOOR, forcefully on the back of her head;

   d. Failing to follow store policies and procedures when dealing with customers;

   e. Acting in a manner so reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff;

   f. All other breaches of duty identified by Defendant, KRISTA AURAND, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

   g. Any and all breaches that become known through litigation.

4

21. As a and/or the proximate and direct cause of Defendant, KRISTA AURAND's, negligent and/or grossly negligent acts and/or omissions, Plaintiff, IZA NOOR, suffered numerous injuries and damages, including but not limited to the following:

   a. Headaches;
   b. Damage to prescription glasses requiring replacement;
   c. Post traumatic stress;
   d. Emotional and mental distress;
   e. Inability to experience social pleasures and enjoyment;
   f. Humiliation, grief, embarrassment, mortification;
   g. Anxiety, fright, shock;
   h. Medical bills – past and future;
   i. Other damages that may become known through the passage of time and/or the course of discovery;
   j. Any and all damages allowed under Michigan law.

22. At all times relevant hereto, Defendant, KRISTA AURAND, was an employee of Defendant, PETSMART, and was acting within the course and scope of her employment, and as a result, Defendant, PETSMART, is vicariously liable for the acts of Defendant, KRISTA AURAND.

**WHEREFORE**, Plaintiff, IZA NOOR, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

5

## COUNT II
## NEGLIGENT HIRING, TRAINING, SUPERVISION and/or INTERVENTION
## DEFENDANT, PETSMART

23. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

24. At all relevant times, Defendant, PETSMART, owed a duty to act with reasonable care for the safety of the public and specifically to Plaintiff, IZA NOOR.

25. At all relevant times, Defendant, PETSMART, employed workers who were responsible for maintaining the store and for the safety of the customers at the Defendant, PETSMART, and thus had the duty to use reasonable care when hiring workers with consideration for the safety and welfare of their customers.

26. At the time of the above incident, Defendant PETSMART, owed duties to the general public, including Plaintiff, to properly hire, train and retain employees that could perform their job duties in a non-negligent manner and refrain from injuring the public, in general and Plaintiff, in particular.

27. At all times, Defendant, PETSMART, through its agent and employees, breached its duty to exercise ordinary care.

28. Defendant, PETSMART, negligence and/or gross negligence was the proximate cause of the foreseeable consequence of Plaintiff IZA NOOR's serious and permanent injuries and damages, said conduct amounting to recklessness, gross negligence, and a reckless disregard for whether an injury resulted, including but not limited to the following particulars:

   a. Hiring a worker, specifically Defendant KRISTA AURAND, who lacked the appropriate skills and/or knowledge to recognize that She should not strike a customer under any circumstances;

6

b. Failing to properly train workers and specifically Defendant, KRISTA AURAND, in how to appropriately interact with customers, including ensuring that workers never resort to striking customers;

c. Failing to supervise and/or monitor Defendant, KRISTA AURAND, after being hired by Defendant, PETSMART;

d. Failing to put in place policies and procedures that would prevent such behavior shown by Defendant, KRISTA AURAND;

e. Failing to have adequate screening and/or training procedures for workers to ensure the safety of customers such as Plaintiff;

f. Negligently and recklessly failing to properly train its employees which would have prevented its employee from attacking a customer;

g. All other breaches of duty identified by Defendant, PETSMART, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

h. Any and all breaches that become known through litigation.

29. Defendant, PETSMART, did breach that duty of care in the hiring, training, and/or supervision of Defendant KRISTA AURAND who was inadequately trained, and/or inadequately supervised.

30. At all relevant times, Defendant, KRISTA AURAND, was an employee of Defendant, PETSMART, and was acting within the course and scope of his employment.

31. As a and/or the proximate and direct cause of Defendant, KRISTA AURAND's, negligent and/or grossly negligent acts and/or omissions, Plaintiff, IZA NOOR, suffered numerous injuries and damages, including but not limited to the following:

a. Headaches;

b. Damage to prescription glasses requiring replacement;

c. Post-traumatic stress;

7

36. At all times relevant hereto, Defendant, KRISTA AURAND, owed to Plaintiff, IZA NOOR, those duties set forth in Paragraph 20 of this Complaint and negligently and/or grossly negligently breached the same as set forth in Count I of this Complaint.

37. As a and/or the proximate and direct cause of Defendant, KRISTA AURAND's, negligent and/or grossly negligent acts and/or omissions, Plaintiff, IZA NOOR, suffered numerous injuries and damages, including but not limited to the following:

   a. Headaches;

   b. Damage to prescription glasses requiring replacement;

   c. Post-traumatic stress;

   d. Emotional and mental distress;

   e. Inability to experience social pleasures and enjoyment;

   f. Humiliation, grief, embarrassment, mortification;

   g. Anxiety, fright, shock;

   h. Medical bills – past and future;

   i. Other damages that may become known through the passage of time and/or the course of discovery;

   j. Any and all damages allowed under Michigan law.

## COUNT III
## VIOLATION OF MICHIGAN'S ELLIOTT LARSEN CIVIL RIGHTS ACT

38. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

39. At all material times, Defendant PETSMART was a place of public accommodation covered by and within the meaning of the Michigan Elliott Larsen Civil Rights Act, MCL 37.2101, *et seq.*

9

40. Plaintiff IZA NOOR was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant PETSMART because of her race and, upon information and belief, her national origin and religion.

41. Plaintiff IZA NOOR's race, religion, and national origins were factors that made a difference in Defendants' denial of full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant PETSMART.

42. Defendant PETSMART, through its agents, representatives, and employees, discriminated against Plaintiff IZA NOOR on the basis of race, religion, and national origin.

43. Defendants' action and inactions were an intentional disregard for Plaintiff IZA NOOR's rights under the Elliott-Larsen Civil Rights Act.

44. As a result of Defendants' unlawful actions, Plaintiff IZA NOOR has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, IZA NOOR, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

Respectfully submitted,

/s/ Caitlin E. Malhiot
CAITLIN E. MALHIOT (P76606)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
cait@markolaw.com
denise@markolaw.com

Dated: January 26, 2022

10